IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GREGORY DAVIS**                                                                               **PLAINTIFF**

**v.**                                                **CIVIL NO. 3:17-cv-989-HSO-JCG**

**SUPT. RONALD KING et al.**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion for Partial Summary Judgment Based on Failure to Exhaust Administrative Remedies (ECF No. 27), filed by Defendants Ron King, Brian Ladner, Georgia Shelby, and Gloria Hollins. Plaintiff Gregory Davis, a *pro se* prisoner proceeding *in forma pauperis,* has responded to the Motion. (ECF No. 29, 30). Having considered the submissions of the parties, the record, and relevant law, the undersigned recommends that Defendants' Motion for Partial Summary Judgment Based on Failure to Exhaust Administrative Remedies be GRANTED. Plaintiff concedes that he did not exhaust administrative remedies with respect to some of his claims.

## BACKGROUND

Plaintiff is a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC) serving a sentence of life imprisonment without the possibility of parole for capital murder.[1] In this suit filed pursuant to 42 U.S.C. § 1983, Plaintiff is seeking monetary damages for pieces of personal property that he alleges were taken during a housing transfer.

---

[1] *See Davis v. Bingham*, No. CIV.A. 3:08-CV-256WH, 2009 WL 890090 (S.D. Miss. Mar. 26, 2009) (dismissing Plaintiff's petition for writ of habeas corpus under 28 U.S.C. §2254).

In January 2017, Plaintiff was moved from medium custody to close confinement to serve three months of disciplinary detention. (ECF No. 1, at 4-5). Plaintiff's property was separated into allowable and non-allowable items. Plaintiff asserts that the non-allowable property was tagged and placed in storage, to be returned to him after he completed disciplinary detention. *Id.* at 5. Plaintiff maintains that the following non-allowable property was taken from him and never returned: 13" LCD TV, two 8" fans, headphones, AM/FM radio, tennis shoes, combination lock, prayer rug, and books and legal files. *Id.* at 6.

Defendants do not dispute that Plaintiff utilized and completed the administrative remedy process with respect to some of the items Plaintiff claims were lost. (ECF No. 27, at 2). Defendants have submitted a copy of a grievance filed by Plaintiff, which shows that Plaintiff grieved the loss of a TV, two fans, headphones, a prayer rug, and books and legal files. *Id.* at 3-4. Defendants assert that Plaintiff did not grieve the alleged loss of an AM/FM radio, tennis shoes, or a combination lock. Defendants seek summary judgment with respect to Plaintiff's claims regarding an AM/FM radio, tennis shoes, and a combination lock on the basis that Plaintiff did not exhaust these claims through MDOC's administrative remedy process.

In response to Defendants' Motion for Partial Summary Judgment, Plaintiff concedes that he did not grieve the loss of an AM/FM radio, tennis shoes, or a combination lock through MDOC's administrative remedy process. (ECF No. 30, at 1).

DISCUSSION

A. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Moore v. Miss. Valley State Univ.,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The non-moving party must then go beyond the pleadings and

3

designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

B. <u>Plaintiff Failed to Exhaust MDOC's ARP with Respect to Some of His Claims</u>

This suit is subject to the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code). Under the PLRA, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1197e(a). The exhaustion requirement applies to all lawsuits which challenge prison conditions and is not limited to civil rights claims brought under 42 U.S.C. § 1983. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). The PLRA's exhaustion requirement is mandatory, "foreclosing judicial discretion." *Ross v. Blake,* 136 S. Ct. 1850, 1857 (2016).

To exhaust administrative remedies, a prisoner must use "all the steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issue on the merits)." *Ngo,* 548 U.S. at 90 (quotation marks omitted). "[P]roper exhaustion" means a prisoner cannot fulfill the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 90-91. Prison officials must receive "fair notice of the problem that will form the basis of the prisoner's suit." *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004).

Correctional facilities under the authority of MDOC have adopted an ARP as allowed by Miss. Code Ann. § 47-5-801. *See* MDOC Inmate Handbook, Ch. VIII,

4

Administrative Remedy Program.[2] The ARP is a "formal two-step process for handling inmate grievances." *Yankton v. Epps,* 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps,* 776 F.3d 296, 300 n.2 (5th Cir. 2015)). Inmates are required to initially submit their grievance in writing to the Legal Claims Adjudicator within thirty days of the incident. (ECF No. 25-1, at 1). If, after screening, a grievance is accepted into the ARP process, the request is forwarded to the appropriate official, who will issue a first step response. *Id.* If the inmate is unsatisfied with this response, he may continue to the second step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. *Id.* at 1-2. A final decision is made by the warden. *Id.* If the offender is not satisfied with the second step response, he may file suit in state or federal court. *Id.* at 2.

Defendants have produced the pertinent grievance file which shows that Plaintiff did not grieve the loss of an AM/FM radio, tennis shoes, or a combination lock. Plaintiff concedes that he did not grieve the loss of an AM/FM radio, tennis shoes, or a combination lock. Plaintiff's claims concerning the alleged loss of an AM/FM radio, tennis shoes, and a combination lock must be dismissed because Plaintiff did not complete MDOC's two-step ARP process concerning these claims, and they are therefore barred by 42 U.S.C. § 1997e(a).

## RECOMMENDATION

Defendants' Motion for Partial Summary Judgment Based on Failure to

---

[2] https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf

Exhaust Administrative Remedies (ECF No. 27) should be granted. Plaintiff's claims concerning the alleged loss of an AM/FM radio, tennis shoes, and a combination lock should be dismissed without prejudice as barred by 42 U.S.C. § 1997e(a).

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED,** this the 14th day of June, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE