# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| GREGORY DAVIS | § | PLAINTIFF |
|---|---|---|
| v. | § Civil No. 3:17cv989-HSO-JCG | |
| SUPT. RONALD KING, *et al.* | § | DEFENDANTS |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [33]; GRANTING DEFENDANTS' MOTION [27] FOR PARTIAL SUMMARY JUDGMENT; AND DISMISSING PLAINTIFF GREGORY DAVIS' UNEXHAUSTED CLAIMS WITHOUT PREJUDICE

BEFORE THE COURT are the Report and Recommendation [33] of United States Magistrate Judge John C. Gargiulo, entered in this case on June 14, 2019, and Defendants' Motion [27] for Partial Summary Judgment. The Magistrate Judge recommended that Defendants' Motion [27] for Partial Summary Judgment be granted for failure to exhaust administrative remedies and that Plaintiff Gregory Davis' claims concerning the loss of an AM/FM radio, tennis shoes, and a combination lock be dismissed without prejudice. R. & R. [33] at 4-6. Plaintiff has not submitted any objections to the Report and Recommendation.

After thoroughly reviewing the Report and Recommendation [33], Defendants' Motion [27] for Partial Summary Judgment, the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [33] should be adopted as the finding of the Court. Defendants' Motion [27] for Partial Summary Judgment should be granted for failure to exhaust

1

administrative remedies, and Plaintiff's claims regarding the alleged loss of an AM/FM radio, tennis shoes, and a combination lock should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff Gregory Davis ("Plaintiff" or "Davis") filed a Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on December 7, 2017. The Complaint [1] names the following Defendants: (1) Ronald King, Superintendent of Corrections at the Central Mississippi Correctional Facility; (2) Brian Ladner, Warden of Area 3; (3) Georgia Shelby, Deputy Warden; (4) Gloria Hollins, Captain; and (5) Sergeant Unknown Powell[1] (collectively "Defendants"). *Id.* at 2-4. Davis seeks compensation for items of personal property he claims were taken during a housing transfer while he was incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi.[2] Compl. [1] at 4. Plaintiff grieves the loss of an AM/FM radio, tennis shoes, headphones, an LCD TV, and a combination lock, among other items. *Id.* at 5-14.

On October 10, 2018, Defendants filed the instant Motion for Partial Summary Judgment Based on Failure to Exhaust Administrative Remedies. Mot. [27]. Defendants argue that while Davis did exhaust administrative remedies concerning some items he claims were lost, he failed to exhaust such remedies regarding the AM/FM radio, tennis shoes, and combination lock. *Id.*; Mem. in

---

[1] Sergeant Unknown Powell was subsequently terminated from the litigation. Order [15].
[2] At the time of the filing his Complaint [1], Davis was and currently remains incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. Compl. [1] at 1.

2

Support [28] at 4-6. In response, Plaintiff concedes that he failed to grieve the loss of these three items through the administrative remedy process. Resp. [30]. Davis states that he does not oppose summary judgment on his claims concerning the loss of the AM/FM radio, tennis shoes, and combination lock, but maintains that he did exhaust administrative remedies on the remaining items. *Id.*

On June 14, 2019, the Magistrate Judge entered a Report and Recommendation [33] recommending that the Court grant Defendants' Motion [27] for Partial Summary Judgment and dismiss Plaintiff's unexhausted claims without prejudice. R. & R. [33] at 5-6. Although the time for doing so has passed, Davis has not filed a response or objections to the Magistrate Judge's Report and Recommendation [33].

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge thoroughly considered all issues, and that the Magistrate Judge's recommendation that the Court grant Defendant's Motion [27] for Partial Summary

Judgment is neither clearly erroneous nor contrary to law. R. & R. [33]. As such, the Report and Recommendation will be adopted as the opinion of the Court, and Defendants' Motion [27] for Partial Summary Judgment will be granted. The Court will dismiss Plaintiff's claims regarding the loss of the AM/FM radio, tennis shoes, and combination lock without prejudice.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [33] entered in this case on June 14, 2019 is **ADOPTED** as the opinion of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [27] for Partial Summary Judgment for Failure to Exhaust Administrative Remedies is **GRANTED**, and Plaintiff Gregory Davis' claims regarding loss of an AM/FM radio, tennis shoes, and a combination lock are **DISMISSED WITHOUT PREJUDICE**. The remainder of Plaintiff's claims will proceed.

**SO ORDERED AND ADJUDGED**, this the 8th day of July, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE